UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| STEVE ROGERS, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 1:19-cv-03722-TWP-MPB |
| WEXFORD OF INDIANA, LLC, et al. | ) ) ) |
| Defendants. | ) |

**ENTRY SCREENING COMPLAINT AND DIRECTING ISSUANCE OF PROCESS**

Plaintiff Steve Rogers is an inmate at Pendleton Correctional Facility (PCF). Because Mr. Rogers is a "prisoner" as defined by 28 U.S.C. § 1915A(c), this Court has an obligation under 28 U.S.C. § 1915A(a) to screen his complaint.

**I. Screening Standard**

Pursuant to 28 U.S.C. § 1915A(b), the Court must dismiss the complaint if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. In determining whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017). To survive dismissal,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). *Pro se* complaints such as that filed by the plaintiff are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015).

## II. The Complaint

The complaint concerns Mr. Rogers' medical care at PCF since April 2018. He asserts claims for damages and injunctive and declaratory relief against three defendants. Wexford of Indiana, LLC, is a private entity that has contracted to provide medical care to Indiana Department of Correction (IDOC) inmates at PCF. Dr. Paul Talbot is a physician employed by Wexford to treat PCF inmates. Laura Bodkin was employed by the IDOC as a grievance specialist at PCF.

Mr. Rogers states that he began seeking treatment for hernia injuries on April 23, 2018. Dr. Talbot failed to respond properly to his condition, and Ms. Bodkin failed to properly review his requests for medical care. As a result, a necessary operation was delayed, and Mt. Rogers has not received adequate care since receiving the operation. Mr. Rogers states that their actions were caused by a Wexford policy or practice of denying necessary medical treatment to minimize expenses.

Based on these allegations, the action **shall proceed** with Eighth Amendment claims against Wexford, Dr. Talbot, and Ms. Bodkin.

## III. Issuance of Process

The **clerk is directed** pursuant to Federal Rule of Civil Procedure 4(c)(3) to issue process to the defendants, (1) Wexford of Indiana, LLC, (2) Dr. Paul Talbot, and (3) Laura Bodkin, in the manner specified by Federal Rule of Civil Procedure 4(d). Process shall consist of the complaint (dkt. 2), applicable forms (Notice of Lawsuit and Request for Waiver of Service of Summons and Waiver of Service of Summons), and this Entry.

**IT IS SO ORDERED.**

Date: 12/2/2019

_____
TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

STEVE ROGERS
875983
PENDLETON – CF
PENDLETON CORRECTIONAL FACILITY
Electronic Service Participant – Court Only

Wexford Health
c/o Registered Agent, Corporation Service Co.
135 N. Pennsylvania St.
Ste. 1610
Indianapolis, IN 46204

Dr. Paul Talbot
Medical Provider
Pendleton Correctional Facility
4490 West Reformatory Road
Pendleton, IN 46064

Electronic service to IDOC employee at Pendleton Correctional Facility

    Laura Bodkin, Grievance Specialist

Courtesy copy to:

    Douglass R. Bitner
    Katz Korin Cunningham, P. C.
    The Emelie Building
    334 North Senate Avenue
    Indianapolis, IN 46204