UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| STEVE ROGERS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:19-cv-03722-TWP-MPB |
| | ) | |
| WEXFORD OF INDIANA, LLC, et al. | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER GRANTING MOTION FOR PRELIMINARY INJUNCTIVE RELIEF**

In this prisoner civil rights action, Plaintiff Steve Rogers asserts claims against Wexford of Indiana, LLC, Dr. Paul Talbot, and Laura Bodkin. Wexford is a private entity that contracts to provide medical care to inmates at Pendleton Correctional Facility (PCF). Wexford employs Dr. Talbot to treat PCF inmates, and the Indiana Department of Correction (IDOC) employs Ms. Bodkin as a grievance specialist at PCF.

Mr. Rogers alleges that the defendants delayed medical treatment of hernias he experienced at PCF in 2018 and 2019 and that they have caused him to receive inadequate care since his hernias were surgically repaired. Mr. Rogers now alleges that his surgically-repaired hernias have ruptured, and he seeks preliminary injunctive relief requiring that his hernias be examined and treated by a medical professional outside the hospital.

**I. Legal Standard**

"A preliminary injunction is an extraordinary remedy never awarded as of right." *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). "To obtain a preliminary injunction, a plaintiff must establish that it has some likelihood of success on the merits; that it has no adequate remedy at law; that without relief it will suffer irreparable harm." *GEFT Outdoors, LLC v. City of*

*Westfield*, 922 F.3d 357, 364 (7th Cir. 2019) (citation and quotation marks omitted); *see Winter*, 555 U.S. at 20. "If the plaintiff fails to meet any of these threshold requirements, the court must deny the injunction." *GEFT Outdoors*, 922 F.3d at 364 (citation and quotation marks omitted).

If the plaintiff passes the threshold requirements, "the court must weigh the harm that the plaintiff will suffer absent an injunction against the harm to the defendant from an injunction, and consider whether an injunction is in the public interest." *Planned Parenthood of Ind. & Ky., Inc. v. Comm'r of Ind. State Dep't of Health*, 896 F.3d 809, 816 (7th Cir. 2018). The Seventh Circuit "'employs a sliding scale approach' for this balancing: if a plaintiff is more likely to win, the balance of harms can weigh less heavily in its favor, but the less likely a plaintiff is to win the more that balance would need to weigh in its favor." *GEFT Outdoors*, 922 F.3d at 364 (quoting *Planned Parenthood*, 896 F.3d at 816).

Because Mr. Rogers is a prisoner, the Prison Litigation Reform Act (PLRA) "circumscribes the scope of the court's authority to enter an injunction" in this case. *Westefer v. Neal*, 682 F.3d 679, 683 (7th Cir. 2012). "Preliminary injunctive relief must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm." 18 U.S.C. § 3626(a)(2). "This section of the PLRA enforces a point repeatedly made by the Supreme Court in cases challenging prison conditions: '[P]rison officials have broad administrative and discretionary authority over the institutions they manage.'" *Westefer*, 682 F.3d at 683 (quoting *Hewitt v. Helms*, 459 U.S. 460, 467 (1983)).

## II. Facts

On July 8, 2019, Mr. Rogers had surgery to repair an umbilical hernia and a right inguinal hernia. Dkt. 47-2 at 13. The Court understands this to mean that parts of Mr. Rogers' intestines or other tissues were protruding through his abdominal muscles near his navel and his right groin.

*See* Mayo Clinic, *Umbilical hernia*, avail. at https://www.mayoclinic.org/diseases-conditions/umbilical-hernia/symptoms-causes/syc-20378685, and *Inguinal hernia*, avail. at https://www.mayoclinic.org/diseases-conditions/inguinal-hernia/symptoms-causes/syc-20351547 (both last visited Mar. 17, 2020). Dr. Talbot previously examined Mr. Rogers and found that his hernias were causing pain and limiting his ability to walk. Dkt. 47-2 at 1–3.

On February 4, 2020, Mr. Rogers requested medical care because he was experiencing abdominal pain. Dkt. 47-2 at 19. Nurse Janet Mitchell examined Mr. Rogers a week later. *Id.* at 20–22. Mr. Rogers told Nurse Mitchell that he began experiencing the pain after lifting a heavy bag. *Id.* at 20. Nurse Mitchell observed a reducible hernia. *Id.* at 21. She provided Mr. Rogers an abdominal binder, which is a compression belt that provides additional support to the abdominal muscles and may relieve pain. *Id.*; dkt. 47-1 at ¶ 13.

Dr. Duan Pierce examined Mr. Rogers on February 27, 2020, during a chronic care appointment. Dkt. 27-2 at 23–25. Dr. Pierce's treatment notes do not mention the hernia. They document abdominal pain, but they only discuss ongoing treatment for a chronic liver condition. *Id.* Mr. Rogers asks the Court to order Wexford to arrange for his examination and treatment by a specialist outside the prison. Dkt. 37 at ¶¶ 11–12.

### III. Analysis

Mr. Rogers' medical records show that he has a reducible hernia. In his only visit with a doctor since the hernia was discovered, the doctor did not treat the hernia. Further, no evidence indicates that Wexford or any member of its staff at PCF has arranged for Mr. Rogers' hernia to be treated in the future.

Pursuant to the Eighth Amendment, prison officials have a duty to provide humane conditions of confinement, meaning, they must take reasonable measures to guarantee the safety

3

of the inmates and ensure that they receive adequate food, clothing, shelter, and medical care. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). To prevail on an Eighth Amendment deliberate indifference medical claim, a plaintiff must demonstrate two elements: (1) he suffered from an objectively serious medical condition; and (2) the defendant knew about the plaintiff's condition and the substantial risk of harm it posed but disregarded that risk. *Id.* at 837; *Pittman ex rel. Hamilton v. County of Madison, Ill.*, 746 F.3d 766, 775 (7th Cir. 2014).

"[C]onduct is 'deliberately indifferent' when the official has acted in an intentional or criminally reckless manner, *i.e.*, the defendant must have known that the plaintiff was at serious risk of being harmed [and] decided not to do anything to prevent that harm from occurring even though he could have easily done so." *Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005) (internal citations and quotations omitted). A prisoner may show deliberate indifference by establishing that his medical providers have chosen "an 'easier and less efficacious treatment' without exercising professional judgment." *Petties v. Carter*, 836 F.3d 722, 730 (7th Cir. 2016) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104 n.10 (1976)). "A significant delay in effective medical treatment also may support a claim of deliberate indifference, especially where the result is prolonged and unnecessary pain." *Berry v. Peterman*, 604 F.3d 435, 441 (7th Cir. 2010); *see also Petties*, 836 F.3d at 730 (noting that a medical provider may be deliberately indifferent by causing "an inexplicable delay in treatment which serves no penological interest").

Mr. Rogers appears well-equipped to establish deliberate indifference to his hernia. He has a serious medical condition that causes pain. His own medical history shows that, if the condition is untreated, it is likely to worsen and limit his ability to walk. Dkt. 47-2 at 1–3. Yet the doctor who examined him after the hernia was discovered did not assess or treat it, and no arrangements have been made to further assess or treat it. This is evidence that Wexford's medical staff at PCF

4

has opted for an easier treatment—or no treatment at all—without exercising professional judgment, and the defendants have not asserted any penological interest to justify delaying Mr. Rogers' treatment.

The Court finds at this stage that Mr. Rogers is likely to suffer irreparable harm if his hernia remains untreated. His previous hernias grew when they were left untreated, and they caused pain and limited his ability to walk. Dkt. 47-2 at 1–3.

The defendants have not asserted any reason they or the public interest would be harmed by arranging for Mr. Rogers' examination and treatment by an outside physician. The Court finds that any harm to the defendants is likely to be minimal compared to the harm Mr. Rogers is likely to endure if his condition remains completely untreated. Additionally, "upholding constitutional rights serves an important public interest." *Planned Parenthood*, 896 F.3d at 833. The evidence indicates that Mr. Rogers has a serious medical condition that must eventually be treated. Ordering Wexford to immediately arrange his treatment by an appropriate outside physician merely expedites the process by which Wexford must ultimately satisfy its obligation to care for Mr. Rogers and saves the public any expense associated with delaying treatment or persisting with unnecessary or ineffective interim measures.

When Dr. Talbot first assessed Mr. Rogers' hernias, he referred him for examination by a general surgeon. *See* dkt. 47-2 at 4–6. The Court finds that an appropriate and narrowly drawn injunction would simply require Wexford to arrange an examination by a general surgeon and then adopt and implement the treatment plan recommended by the surgeon. Such an order does not require any defendant or member of the Wexford medical staff to render specific or unnecessary treatment. Rather, it simply requires Wexford to timely facilitate appropriate treatment for Mr. Rogers' condition.

## IV. Conclusion and Further Proceeding

Mr. Rogers' motion for preliminary injunctive relief, dkt. [37], is **granted** consistent with the following:

- Defendant Wexford of Indiana, LLC, shall have **through April 20, 2020**, to file notice that it has scheduled an appointment for Mr. Rogers to be examined by a qualified general surgeon. Wexford may file this notice *ex parte* to avoid giving Mr. Rogers advance notice of the date and location of his examination.

- Wexford shall provide the surgeon with a copy of this Order.

- Within **seven days** following the examination, Wexford shall file notice that it has arranged for Mr. Rogers to receive the treatment recommended by the surgeon.

- This preliminary injunction shall automatically expire on **June 19, 2020**. If Mr. Rogers wishes to renew the preliminary injunction, he shall file a motion for renewal no later than **June 1, 2020**.

Mr. Rogers' motion for judicial notice, dkt. [46], is **denied as unnecessary**. The Court has not considered Mr. Rogers' summary judgment response in ruling on his motion for preliminary injunctive relief.

**IT IS SO ORDERED.**

Date: 3/19/2020

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

STEVE ROGERS
875983
PENDLETON - CF
PENDLETON CORRECTIONAL FACILITY
Electronic Service Participant – Court Only

Douglass R. Bitner
KATZ KORIN CUNNINGHAM, P.C.
dbitner@kkclegal.com

David C. Dickmeyer
INDIANA ATTORNEY GENERAL
David.Dickmeyer@atg.in.gov

Rachel D. Johnson
KATZ KORIN CUNNINGHAM, P.C.
rjohnson@kkclegal.com