UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| STEVE ROGERS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:19-cv-03722-TWP-MPB |
| | ) |
| WEXFORD OF INDIANA, LLC, | ) |
| PAUL A. TALBOT, | ) |
| | ) |
| Defendants. | ) |

## ORDER DENYING MOTION TO RECONSIDER

This matter is before the Court on the Defendants' Motion to Reconsider Court's Order Granting Plaintiff's Motion to Strike Defendants' Expert. (Dkt 215). On August 15, 2022, the Court granted Plaintiff Steve Rogers' ("Mr. Rogers") motion to strike the defendants' expert witness, Dr. Bradford J. Boma, Jr. ("Dr. Bomba"), from their trial witness list. (Dkt. 211). Defendants ask the Court to reconsider that ruling. For the reasons stated below, the Motion is **denied**.

### I. DISCUSSION

This very old case initiated in August 2019 was previously scheduled for trial to begin on September 12, 2022. The defendants disclosed Dr. Paul Szotek as an expert witness by the applicable deadline, but after Dr. Szotek reported that he unavailable to sit for a deposition, Defendants withdrew him as their expert. The defendants "supplemented" their expert disclosures by disclosing Dr. Bomba for the first time on August 2, 2022, several weeks after the disclosure deadline and on the final day of expert discovery. The Court found that the defendants could not disclose a new expert by supplementing their disclosures after the disclosure deadline and that their untimely disclosure was neither justified nor harmless. *See* dkt. 211 at 3–4. The Court granted

1

Mr. Rogers' Motion to Strike Defendants' Expert (Dkt. 202) and struck Dr. Bomba from the defendants' witness list. (Dkt. 211). Later that day, Mr. Rogers filed, and the Court granted, a motion to continue the trial after Mr. Rogers' counsel, Mr. Catlin, reported a dire medical emergency. (Dkt. 213). On August 16, which was originally scheduled for the final pretrial conference, the Court reset the trial of this matter for November 17, 2022. (Dkt. 214). The defendants now ask the Court to reconsider its ruling on the motion to strike Dr. Bomba. (Dkt. 215).

The Defendants note that they anticipated responding to the motion to strike at the final pretrial conference and that, by ruling the day before, the Court rendered its decision without affording them an opportunity to respond. *Id.* at ¶¶ 5–6. The Defendants argue that they secured and disclosed their new expert as quickly as possible under the circumstances and that Mr. Rogers will not be prejudiced by allowing Dr. Bomba to testify given the rescheduled trial date and the similarity between Dr. Bomba's and Dr. Szotek's medical opinions. *Id.* at ¶¶ 7–9.

The Defendants' argument that the Court ruled on the motion to strike without awaiting a response is well-taken. Nevertheless, the Court denies the motion to reconsider on its merits.

"Motions to reconsider serve a limited function, to be used 'where the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension.'" *Davis v. Carmel Clay Schs.*, 286 F.R.D. 411, 412 (S.D. Ind. 2012) (quoting *Bank of Waunakee v. Rochester Cheese Sales*, 906 F.2d 1185, 1191 (7th Cir. 1990)) (additional quotations omitted). A motion to reconsider under Federal Rule of Civil Procedure 54(b) may also be appropriate where there has been "a controlling or significant change in the law or facts since the submission of the issue to the Court." *Bank of Waunakee*, 906 F.2d at 1191 (quoting *Above the Belt, Inc. v. Mel Bohannan Roofing*, 99 F.R.D. 99, 101 (E.D. Va. 1983)).

In granting the motion to strike, the Court made two findings. First, the defendants did not properly disclose Dr. Bomba by the deadline. Second, the failure to disclose was neither justified nor harmless.

The defendants' motion to reconsider does not identify a misunderstanding or error of apprehension as to the first issue. The Court recognizes that the defendants faced a difficult predicament when their original expert reported his unavailability after the disclosure deadline. But the defendants did not seek an extension of the deadline to disclose expert witnesses or leave to identify a new witness after the deadline. Instead, they disclosed Dr. Bomba without leave in a "supplement" served on the final day of expert discovery. For the reasons the Court discussed in granting Mr. Rogers' motion to strike, this was not the proper course, and the Defendants' motion to reconsider does not demonstrate otherwise.

The motion to reconsider also does not demonstrate that the Court based its finding that the late disclosure was unjustified on a misunderstanding or misapprehension. When Dr. Szotek reported late in the game that he was no longer available, the defendants had limited options that they failed to utilize. One option was to notify the Court that they hoped to retain a new expert and request a new timeline for disclosures and discovery. The defendants chose instead to disclose their new expert to Mr. Rogers on the final day of expert discovery in an email communication and without ever notifying the Court, much less requesting an extension. The defendants' motion to reconsider does not explain why that approach to the problem was justified.

Finally, the defendants argue that a change in facts—delay of the trial—renders their failure to timely disclose Dr. Bomba harmless. Perhaps this would be so if the trial was delayed for a different reason. But the Court rescheduled the trial because Mr. Catlin must have an adrenal tumor removed. He would not be available to participate in expert discovery before surgery in early October or, presumably, for some period afterward. With trial scheduled to proceed on November

3

17, 2022, Mr. Catlin would not realistically have more time for expert discovery than he would have had between the defendants' late disclosure and the September trial date.

Accordingly, the defendants' motion to reconsider, dkt. [215], is **denied**.

**IT IS SO ORDERED**

Date: 9/6/2022

Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

Douglass R. Bitner
Stoll Keenon Ogden PLLC
doug.bitner@skofirm.com

Brad A. Catlin
Williams & Piatt LLC
brad@williamspiatt.com

Travis W. Cohron
CLARK QUINN MOSES SCOTT & GRAHN LLP
tcohron@clarkquinnlaw.com

Conner Ross Dickerson
Cohen & Malad, LLP
cdickerson@cohenandmalad.com

Rachel D. Johnson
Stoll Keenon Ogden PLLC
rachel.johnson@skofirm.com

W. Andrew Kirtley
SmithAmundsen
akirtley@smithamundsen.com

Kristin McIlwain
CLARK QUINN MOSES SCOTT & GRAHN LLP
kmcilwain@clarkquinnlaw.com