UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| STEVE ROGERS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 1:19-cv-03722-TWP-MPB |
| | ) |
| WEXFORD OF INDIANA, LLC, and | ) |
| PAUL A. TALBOT, | ) |
| | ) |
| Defendants. | ) |

**ORDER GRANTING IN PART AND DENYING
IN PART PLAINTIFF'S MOTION *IN LIMINE***

The matter is before the Court on Plaintiff Steve Rogers ("Mr. Rogers") Motion *in Limine*, (Dkt. 172). This action is scheduled for jury trial beginning Thursday, November 17, 2022, to determine whether the defendants, Wexford of Indiana, LLC ("Wexford") and Paul A. Talbot, M.D. (collectively, "Defendants") were deliberately indifferent to Mr. Rogers' need for hernia treatment while incarcerated. For the reasons explained below, the Motion is **granted in part and denied in part**.

**I. LEGAL STANDARD**

"[J]udges have broad discretion in ruling on evidentiary questions during trial or before on motions *in limine*." *Jenkins v. Chrysler Motors Corp.*, 316 F.3d 663, 664 (7th Cir. 2002). The court excludes evidence on a motion *in limine* only if the evidence clearly is not admissible for any purpose. *See Hawthorne Partners v. AT&T Techs., Inc.*, 831 F. Supp. 1398, 1400 (N.D. Ill. 1993). Unless evidence meets this exacting standard, evidentiary rulings must be deferred until trial so questions of foundation, relevancy, and prejudice may be resolved in context. *Id.* at 1400–01. Moreover, denial of a motion *in limine* does not necessarily mean that all evidence contemplated

by the motion is admissible; rather, it only means that, at the pretrial stage, the court is unable to determine whether the evidence should be excluded. *Id.* at 1401. During trial, however, the presiding judge "is free, in the exercise of sound judicial discretion, to alter a previous *in limine* ruling." *Luce v. United States*, 469 U.S. 38, 41 n.4 (1984).

## II. EVIDENCE OF CRIMES COMMITTED AND SENTENCE

Mr. Rogers moves to exclude evidence of his criminal history, including the offense for which he is currently imprisoned, and the duration of his sentence. (Dkt. 172, § III A.) The Defendants oppose this portion of Mr. Rogers' Motion only by arguing "that this information may be used for impeachment purposes of the Plaintiff during trial, or may be used to show motive, opportunity, intent, preparation, plan, knowledge, identify, absence of a mistake, or lack of accident as permitted under the Federal Rules of Evidence." (Dkt. 180 at ¶ 5.) However, it is difficult to imagine how any of the latter uses might arise in a case about treatment for hernias.

Mr. Rogers' Motion is **granted** with respect to Section III A. If the Defendants wish to use evidence of Mr. Rogers' prior crimes for impeachment purposes, if they believe Mr. Rogers has opened the door to such evidence, or if they believe another permissible use of this evidence has arisen during trial, they may request a bench conference and a preliminary ruling from the Court.

## III. EVIDENCE OF PRISON SECURITY LEVEL

Mr. Rogers moves to exclude any testimony or other evidence that he is incarcerated in a "maximum security" facility or unit, as such information is essentially a back door to indicating the nature and severity of his criminal history and sentence. (Dkt. 172 at § III B.) The Defendants argue:

> There is expected to be testimony from the medical providers that there can be limits on medical staff at times, due to the nature of the prison being a maximum-

2

> security prison due to policies and/or instructions given by custody staff within the prison itself. These issues can range from lockdowns for safety or security reasons to staffing issues, all of which are outside of medical staff's control within the environment.

(Dkt. 180 at ¶ 10.)

The Defendants' point is well-taken. However, the relevant evidence they describe amounts to the specific policies, instructions, and lockdowns that may have affected their decisions and their work—not the security classification of the prison or Mr. Rogers' unit within the prison. The Defendants can present evidence of the former without referring to the latter. Mr. Rogers' Motion, ], is **granted** as to Section III B.

### IV. ARGUMENT OR EVIDENCE REGARDING TAXPAYER BURDEN

The Defendants do not oppose Mr. Rogers' Motion to the extent it seeks to bar argument or evidence that his medical care is provided at public expense or that additional or more costly care imposes an additional public burden. *See* Dkt. 172 at § III C); Dkt. 180 at ¶ 13. Mr. Rogers also asks that the Defendants:

> be prohibited from making any argument or introducing any evidence suggesting Wexford's treatment options are contingent upon resources allocated by taxpayers or any testimony that the state allocates limited resources to prison systems and therefore Wexford must be "conservative" in their treatment and care of prisoners as such testimony would only serve to mislead or confuse the jury.

(Dkt. 172 at 8.)

It is well-settled that "the cost of treatment is *a factor* in determining what constitutes adequate, minimum-level care" under the Eighth Amendment. *Petties v. Carter*, 836 F.3d 722, 730 (7th Cir. 2016) (emphasis added). "Although administrative convenience and cost may be, in appropriate circumstances, *permissible factors* for correctional systems to consider in making treatment decisions, the Constitution is violated when they are considered to the exclusion of *reasonable medical judgment* about inmate health." *Roe v. Elyea*, 631 F.3d 843, 863 (7th Cir.

3

2011) (emphasis in original). Thus, to the extent Mr. Rogers seeks to exclude all evidence or argument regarding the comparative costs of treatments, his Motion sweeps too far. To the extent he seeks to exclude evidence or argument that cost or funding *necessitated* a particular treatment or *precluded* another, it is appropriate.

Therefore, Mr. Rogers' Motion is **granted** with respect to Section III C to the extent that no party may present evidence or argument that:

- Mr. Rogers' health care is provided at public expense;
- additional or more costly treatment enhances the public burden; or
- cost or funding required or prevented a particular course of treatment.

The Motion is otherwise **denied** with respect to Section III C. This ruling does not prevent Mr. Rogers from presenting a narrower motion or objection concerning specific evidence at trial.

## V.    PREVIOUS REFUSAL OF TREATMENT

The Defendants do not oppose Mr. Rogers' Motion to the extent it seeks to bar evidence or argument concerning Mr. Rogers' request in 2016 to refuse medical treatment. *See* Dkt. 172 at § III D; Dkt. 180 at ¶ 16. Therefore, Mr. Rogers' Motion, is **granted** with respect to Section III D.

## VI.    CONCLUSION

For the reasons stated above, Mr. Rogers' Motion *in Limine*, Dkt. [172], is **GRANTED in part and DENIED in part**. Mr. Rogers' Motion is **granted** with respect to Section III A and Section III B. The Motion is also **granted** with respect to Section III C **to the extent** that no party may present evidence or argument that Mr. Rogers' healthcare is provided at the public's expense, or that additional or more costly treatment enhances the public's burden, or that the cost or funding required or prevented a particular course of treatment; the Motion is otherwise **denied** with respect to Section III C. And, finally, the Motion is **granted** with respect to Section III D. An order *in*

*limine* is not a final, appealable order. If a party believes that evidence excluded by this Order becomes relevant or otherwise admissible during the course of the trial, counsel may request a hearing outside the presence of the jury. Likewise, if the parties believe that specific evidence is inadmissible during the course of the trial, counsel may raise specific objections to that evidence at the appropriate time.

    **SO ORDERED.**

Date: 10/18/2022

Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

DISTRIBUTION:

Brad A. Catlin
WILLIAMS & PIATT LLC
brad@williamspiatt.com

Douglass R. Bitner
STOLL KEENON OGDEN PLLC
doug.bitner@skofirm.com

Rachel D. Johnson
STOLL KEENON OGDEN PLLC
rachel.johnson@skofirm.com

Travis W. Cohron
CLARK QUINN MOSES SCOTT & GRAHN LLP
tcohron@clarkquinnlaw.com

Kristin McIlwain
CLARK QUINN MOSES SCOTT & GRAHN LLP
kmcilwain@clarkquinnlaw.com