UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| STEVE ROGERS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 1:19-cv-03722-TWP-MPB |
| | ) |
| WEXFORD OF INDIANA, LLC, | ) |
| PAUL A. TALBOT, M.D., | ) |
| | ) |
| Defendants. | ) |

**ORDER GRANTING IN PART AND DENYING IN
PART DEFENDANTS' MOTION *IN LIMINE***

The matter is before the Court on the Defendants' Wexford of Indiana, LLC's ("Wexford") and Paul A. Talbot, M.D.'s (collectively, "Defendants") Motion *in Limine*, (Dkt. 193). This action is scheduled for a trial beginning Thursday, November 17, 2022, to determine whether the Defendants were deliberately indifferent to Plaintiff Steve Rogers' ("Mr. Rogers") need for hernia treatment while incarcerated. For the reasons stated below, the Motion is **granted in part and denied in part.**

**I. LEGAL STANDARD**

"[J]udges have broad discretion in ruling on evidentiary questions during trial or before on motions *in limine*." *Jenkins v. Chrysler Motors Corp.*, 316 F.3d 663, 664 (7th Cir. 2002). The court excludes evidence on a motion *in limine* only if the evidence clearly is not admissible for any purpose. *See Hawthorne Partners v. AT&T Techs., Inc.*, 831 F. Supp. 1398, 1400 (N.D. Ill. 1993). Unless evidence meets this exacting standard, evidentiary rulings must be deferred until trial so questions of foundation, relevancy, and prejudice may be resolved in context. *Id.* at 1400–01. Moreover, denial of a motion *in limine* does not necessarily mean that all evidence

contemplated by the motion is admissible; rather, it only means that, at the pretrial stage, the court is unable to determine whether the evidence should be excluded. *Id.* at 1401. During trial, however, the presiding judge "is free, in the exercise of sound judicial discretion, to alter a previous *in limine* ruling." *Luce v. United States*, 469 U.S. 38, 41 n.4 (1984).

## II.   UNOPPOSED PORTIONS OF THE MOTION

Mr. Rogers does not oppose Paragraphs 1, 5, or 6 of the Defendants' Motion. *See* Dkt. 193 at ¶¶ 1 (evidence of liability insurance), 5 (evidence not previously disclosed), and 6 (affidavits in place of in-person testimony); Dkt. 210 at 1 (stating opposition to ¶¶ 2, 3, 4, and 7). Accordingly, the Defendants' Motion *in Limine* is **granted** with respect to Paragraphs 1, 5, and 6.

## III.   EVIDENCE OF OTHER LAWSUITS

The Defendants seek to bar "[r]eferences to or inquiries about other lawsuits involving the Defendants." (Dkt. 193 at ¶ 2.) However, to prove his claims against Wexford, Mr. Rogers must prove that he was harmed by a Wexford policy, practice, or custom as required by *Monell v. Department of Social Services*, 436U.S. 658 (1978). To do so, Mr. Rogers "must show more than the deficiencies specific to his own experience." *Daniels v. Cook Cnty.*, 833 F.3d 728, 734 (7th Cir. 2016). Therefore, the Court cannot categorically bar any evidence of previous lawsuits against the Defendants, and the Motion is **denied** to the extent it seeks such a broad order.

However, the Defendants' concern that evidence of prior lawsuits might mislead the jury, confuse the issues, or unfairly prejudice the Defendants is well-taken, and the Court recognizes that these concerns may outweigh the probative value of a particular piece of evidence or its proposed use. *See* Federal Rule of Evidence 403. Therefore, before presenting or eliciting evidence of previous lawsuits, Mr. Rogers must request a bench conference and afford the

Defendants an opportunity to present a narrower objection beyond earshot of the jury.  The Motion is **granted** to the extent consistent with this ruling.

## IV.   TESTIMONY OF STATEMENTS BY OTHER MEDICAL PROVIDERS

The Defendants seek to bar "testimony by the Plaintiff regarding statements made by other medical providers" as inadmissible hearsay.  (Dkt. 193 at ¶ 3.)  However, Mr. Rogers correctly notes that at least some statements meeting that description would be statements made by Wexford agents or employees within the scope of their employment or agency relationships.  Fed. R. Evid. 801(d)(2)(D).  Such statements would not be hearsay if offered against Wexford.  *Id.*  Therefore, the Motion  is **denied** with respect to Paragraph 3.

## V.   LAY OPINIONS

The Defendants seek to bar Mr. Rogers and any other non-expert witnesses from offering "opinions regarding causation, diagnosis, or appropriate treatment."  (Dkt. 193 at ¶ 4.)  Mr. Rogers does not oppose this request.  (Dkt. 210 at 3.)  Therefore, the Motion   is **granted** with respect to Paragraph 4.  However, this ruling will not prevent Mr. Rogers from testifying whether and to what extent symptoms, complications, or pain persisted, worsened, or improved after a particular treatment was implemented or denied.  *See* Dkt. 210 at 3.

## VI.   EVIDENCE OF INCARCERATION

The Defendants seek leave to present evidence that Mr. Rogers is currently incarcerated. (Dkt. 193 at ¶ 7.)  The Motion is **granted** to the extent the Defendants may introduce evidence that Mr. Rogers is currently incarcerated and that the Defendants treated his hernias while he was incarcerated. Nothing in this Order will be read as contradicting the Court's ruling on Mr. Rogers' Motion *in Limine*.  The Defendants will not present or elicit evidence regarding the crimes for which Mr. Rogers is or has been incarcerated, the duration of his sentence, or how long any witness

has known or treated Mr. Rogers.  Evidence will be limited to treatment for the medical conditions at issue in this case.

## VII.  CONCLUSION

For the reasons explained above, the Defendants' Motion *in Limine*, Dkt. [193], is **GRANTED in part and DENIED in part**.  The Motion is **granted** with respect to unopposed Paragraphs 1, 5, and 6.  The Motion is **granted** with respect to Paragraph 4; however, Mr. Rogers may testify whether and to what extent his symptoms, complications or pain persisted, worsened, or improved after he received or was denied a particular treatment.  The Motion is **granted** with respect to Paragraph 7 **to the extent** that Defendants may introduce evidence that Mr. Rogers is currently incarcerated and he was treated for his hernias while he was incarcerated.  The Motion is **denied** with respect to Paragraph 3.  The Motion is also **denied** with respect to evidence of other lawsuits.  However, before presenting or eliciting evidence of previous lawsuits, Mr. Rogers must request a bench conference and afford Defendants an opportunity to present a more narrow objection outside the hearing of the jury; therefore, the Motion is **granted** to this extent only.

SO ORDERED.

DATE:  10/18/2022

Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

DISTRIBUTION:

Brad A. Catlin
WILLIAMS & PIATT LLC
brad@williamspiatt.com

Douglass R. Bitner
STOLL KEENON OGDEN PLLC
doug.bitner@skofirm.com

Rachel D. Johnson
STOLL KEENON OGDEN PLLC
rachel.johnson@skofirm.com

Travis W. Cohron
CLARK QUINN MOSES SCOTT & GRAHN LLP
tcohron@clarkquinnlaw.com

Kristin McIlwain
CLARK QUINN MOSES SCOTT & GRAHN LLP
kmcilwain@clarkquinnlaw.com